**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

HOLIDAY HOSPITALITY                :
FRANCHISING, LLC, *et al.*,         :
                                    :
    Plaintiffs,                  :
                                    :        CIVIL ACTION NO.
v.                                  :        1:12-CV-3608-RWS
                                    :
PREMIER NW INVESTMENT               :
HOTELS, LLC, *et al.*,              :
                                    :
    Defendants.                  :

## ORDER

This case is before the Court for consideration of Plaintiffs' Motion for a

Default Judgment [11].  After reviewing the record, the Court enters the

following Order.

## Background of Case

Premier NW Investment Hotels, LLC ("Premier") entered into a License

Agreement (the "License Agreement") with Holiday Hospitality Franchising,

LLC ("HHFL") dated December 11, 1998 that authorized Premier to operate a

HOLIDAY INN EXPRESS® Hotel and Suites in Vancouver, Washington.  The

License Agreement terminated on December 31, 2010 when the license term ended.

On October 16, 2012, Plaintiffs brought the present action alleging that before and since the termination of the License Agreement, Premier has breached its obligations under the License Agreement by failing to (i) pay fees due and owing to HHFL pursuant to the License Agreement and (ii) cease use of Plaintiffs' HOLIDAY INN® marks in connection with its continued provision of hotel services.  Plaintiffs also brought a claim against Michael DeFrees ("DeFrees") based upon a guaranty that he entered into on December 11, 1998 guaranteeing that all of Premier's obligations under the Licensing Agreement would be punctually performed.  Plaintiffs allege that DeFrees has breached his obligations by failing to de-identify Premier's hotel and failing to pay fees due to HHFL.

On October 31, 2012, Premier was served with a copy of the Complaint, by service through its registered agent.  On December 4, 2012, DeFrees' counsel acknowledged personal service of the Complaint and Summons on DeFrees.  On February 27, 2013, neither Defendant had filed an answer or other responsive pleading, and Plaintiffs filed a Request [8] to the Clerk for entry of default against Defendants.  On February 28, 2013, the Clerk Defendants'

AO 72A
(Rev.8/82)

Defaults on the record.  On March 14, 2013, Plaintiffs filed a Motion for

Default Judgment [11] that is presently before the Court for consideration.

Thereafter, on March 29, 2013, Defendants filed an Answer [12] to the

Complaint, and on April 1, 2013, filed a Response [13] in opposition to the

Motion for Default Judgment.  Plaintiffs filed their Reply Brief [14] on April

18, 2013.

Also relevant to these proceedings are bankruptcy filings that have been

made by Premier.  First, on March 3, 2011, Premier filed for Chapter 11

bankruptcy in connection with its ownership and operation of the hotel.  That

case was dismissed on December 8, 2011, due to Premier's unauthorized use of

cash collateral.  On January 11, 2013, Premier filed a second Bankruptcy

Petition.  On February 8, 2013, the Bankruptcy Court dismissed Premier's

second bankruptcy case upon determining that Premier had filed the bankruptcy

in bad faith.  That bankruptcy case was closed on March 4, 2013.

## Discussion

The entry of a default judgment is committed to the discretion of the

district court.  Hamm v. DeKalb Co., 774 F2d 1567, 1576 (11th Cir. 1985), cert.

denied, 475 U.S. 1096 (1986).  "Judgments by default are not generally

favored."  Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 233 (N.D. Ga.

1975).  For good cause, a default may be set aside, and thus, a default judgment

denied.  F.R.Civ.P. 55(c) "Courts have considered several factors in

determining whether the defaulting party has shown good cause, including

whether the party has a meritorious defense, how promptly the party acted to

cure the default, whether the default was willful, and whether the non-

defaulting party would be prejudiced." Rasmussen, 68 F.R.D. at 233.

      In response to the Motion, Defendants assert that the entry of Default by

the Clerk is void because it violated the automatic stay of the bankruptcy

proceeding.  Defendants base this contention upon their assertion that Premier's

bankruptcy proceeding was not dismissed until March 4, 2013.  However, as

evidenced by the Civil Docket Sheet attached to Defendants' Response, the

bankruptcy proceeding was actually dismissed on February 8, 2013, and the

case was closed on March 4, 2013.  Because the proceeding had been

dismissed, entry of default on February 28 was not inappropriate.

      For purposes of considering the merits of Defendant's defenses, the

Court will consider the claims separately.  First, the Court finds that Defendant

has failed to offer any meritorious defense to Plaintiffs' claim for damages

based upon the failure to pay fees and charges due and owing under the License

Agreement.  Defendants assert that Plaintiffs caused their own damages by opening a new HOLIDAY INN EXPRESS® near Defendants' hotel.  However, Defendant was not granted any type of exclusive territory in the License Agreement.  Thus, the granting of another license at a location near Defendants' property did not excuse Defendants' obligations under the License Agreement.

Defendants have asserted an arguably meritorious defense to Plaintiffs' allegations that Defendants failed to adequately de-identify their property. Defendants assert that their identification as a Gateway Inn Express is not confusing with any of Plaintiffs' marks.  Defendants submit a decision from the Trademark Trial and Appeal Board in support of their contention.  Though Plaintiffs correctly point out that the Court is not bound by the decision, the Court finds that there may be sufficient merit to warrant consideration of this claim on its merits.  Further, the actual relief to which Plaintiffs may be entitled may be more directly at issue.

The promptness with which Defendants moved to cure the default does not support a finding of good cause.  After obtaining an extension of time from Plaintiffs for Defendants to answer the Complaint, Premier filed a second Bankruptcy Petition.  That Petition was ultimately found to have been filed in bad faith.  Thus, Defendants were engaging in dilatory tactics that should not be

5

encouraged.  Moreover, after Plaintiffs filed their Motion for Default Judgment, an answer was not filed for another two (2) weeks, and a motion to open the default has never been filed.

Continued inappropriate use of Plaintiffs' marks, if it is occurring, results in continuing damages to Plaintiffs.  Thus, any delay in the resolution of the case causes additional harm to Plaintiffs.  However, the Court cannot conclude that the delay necessarily prejudices the presentation of the case by Plaintiffs.

After considering the foregoing factors, the Court finds that default judgment is appropriate in this case.  Plaintiffs are entitled to judgment in their favor on each of the claims.  However, a hearing on remedies is appropriate before entry of judgment.  At the hearing, the Court will determine the appropriate amount of damages and attorney's fees to which to Plaintiffs are entitled.  The Court will also determine injunctive relief that is appropriate. Within fourteen (14) days of the entry of this Order, Plaintiffs shall file a statement of damages and a statement of attorney's fees.  Within seven (7) days thereafter, Defendants shall file any objections to those claims.  The Court's Deputy Clerk will contact counsel to schedule the hearing.

AO 72A
(Rev.8/82)

## Conclusion

Based on the foregoing, Plaintiffs' Motion for Default Judgment [11] is **GRANTED**.  Within fourteen (14) days of the entry of this Order, Plaintiffs shall file a statement of damages and a statement of attorney's fees.  Within seven (7) days thereafter, Defendants shall file any objections to those claims. The Courtroom Deputy Clerk shall schedule a hearing for determination of remedies.

**SO ORDERED**, this  24th  day of May, 2013.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

7