**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HOLIDAY HOSPITALITY FRANCHISING, LLC and SIX CONTINENTS HOTELS, INC., | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:12-CV-3608-RWS |
| v. | : : | |
| PREMIER NW INVESTMENT HOTELS, LLC, and MICHAEL DEFREES, | : : : : | |
| Defendants. | : | |

**ORDER**

On May 24, 2013, the Court entered an Order [15] granting Plaintiffs' Motion for a Default Judgment [11].  However, the Court concluded that a hearing on remedies may be required before entry of judgment.  Thus, the Court ordered Plaintiffs to file a statement of damages and statement of attorneys' fees.  In the event that Defendants had objections to the statement of damages and attorneys' fees, Defendants were to file those objections within seven (7) days.  Thereafter, the Court's deputy clerk would schedule a hearing.

Pursuant to the Court's Order, Plaintiffs filed their Statement of Damages and Statement of Attorneys' Fees [16] on June 11, 2013.  However, Defendants have filed no objections to those statements.  Therefore, the Court finds that the statements are unopposed and the damages and attorneys' fees sought by Plaintiffs are due to be granted.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.  Defendant Premier NW Investment Hotels, L.L.C. ("Premier"), its respective affiliates, officers, agents, servants, employees and attorneys, those persons in active concert or participation with Premier, and Defendant Michael DeFrees ("DeFrees"), are **PERMANENTLY ENJOINED AND RESTRAINED** from any and all further unauthorized use of the HOLIDAY INN® Marks,[1] including HOLIDAY INN EXPRESS®, or any colorable imitation thereof, including but not limited to "Gateway Inn Express" and the URL <www.vancouverwahie.com>, and any other trademark, service mark, name, logo, design, or identifying characteristic of HOLIDAY INN® hotels on or in connection with Defendants' purported services that is likely to cause

---

[1] The HOLIDAY INN® Marks include U.S. Trademark Reg. Nos. 0592539, 1651851, 0864359, 1667077, 2207318, 0592541, 0708521, 1243332, 1243330, 1275560, 1281008, 1806858, 2034107, 2370049, 2732102, 3149872, 3331904, 3350226, 3651956, 3651955, 3775208, 3651952, 3565631, 3565630, 3841950, 3565635, 3565634, 3710078,3659235, 3659247, 3659246, and 3751935.

2

confusion, mistake, deception, or public misunderstanding that Defendants are affiliated with, licensed by, endorsed by, approved by, franchisees of, or otherwise associated with Plaintiffs, including but not limited to use of the above-referenced marks or designations within the phrase "formerly known as . . .";

2. Defendants shall transfer immediately and without financial encumbrance to Plaintiffs the URL <www.vancouverwahie.com>, and Defendants shall deliver up for impoundment and for destruction all HOLIDAY INN EXPRESS® signs, including those on which the word "Holiday" has been replaced with the word "Gateway," and to deliver up for impoundment and for destruction all other labels, signs, uniforms, advertising material, promotional material, stationary or other materials in the possession, custody, or control of Defendants that use or display the HOLIDAY INN® Marks, or colorable imitations thereof;

3. Within thirty (30) days of the entry of this Permanent Injunction and Order, DeFrees and Premier on behalf of itself and its respective affiliates, officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Premier, shall submit to the Court a written report, under oath, detailing their efforts to comply, and certifying their compliance,

3

with this Permanent Injunction and Order. The report shall include confirmation that Defendants transferred without financial encumbrance to Plaintiffs the URL <www.vancouverwahie.com>, and that all labels, signs, uniforms, advertising material, promotional material, stationary or other materials in the possession, custody, or under the control of Defendants that use or display the HOLIDAY INN® Marks, or colorable imitations thereof, have been destroyed;

    4.    Judgment is entered in favor of Plaintiffs and against Premier and DeFrees, jointly and severally, in the sum of $38,166.89 on Counts I-IV, representing Plaintiffs' reasonable attorneys' fees and expenses incurred in connection with Defendants' unfair competition, trademark dilution, and trademark infringement of Plaintiffs' HOLIDAY INN® Marks;

    5.    Judgment is entered in favor of Plaintiffs and against Premier and DeFrees, jointly and severally, in the sum of $86,302.16, plus prejudgment interest in the amount of $1,206.77 per month since March 15, 2011 on Count V as to Premier and Count VI as to DeFrees;

    6.    Judgment is entered in favor of Plaintiffs and against Premier and DeFrees, jointly and severally, in the sum of $8,655.22 on Count VII; and

    7.    This Court shall retain jurisdiction over this matter to enforce any

violation of the terms of this Judgment by Default and Permanent Injunction. If any such violation occurs, the Court will award (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiffs for such violation; (b) injunctive relief enjoining any further violation of this Judgment by Default and Permanent Injunction, or such modifications to the present Permanent Injunction and Order as the Court deems appropriate; (c) attorneys' fees, costs, and disbursements; and (d) such other relief as the Court deems just and proper.

In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, the Court FINDS that there is no just reason for delay of entry of final judgment in favor of Plaintiffs and against Defendants Premier and DeFrees. The Clerk is directed to enter this judgment forthwith making this Order a final judgment.

**SO ORDERED**, this  18th  day of July, 2013.

_____
**RICHARD W. STORY**
United States District Judge